UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICO PERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 10-10769-FDS |
| KEVIN ROSE, ROBERT SHUBERT, ) | |
| STEVEN ASSAD, JEFFREY PIPES, ) | |
| SUSIE ROY, CLAIRE ROCHA, and ) | |
| FIVE JOHN DOE GUARDS OF ) | |
| BRISTOL COUNTY JAIL AND ) | |
| HOUSE OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

**SAYLOR, J.**

This is a civil rights action arising under 42 U.S.C. § 1983 against multiple prison officials. Plaintiff Rico Perry contends that in 2007, while he was in custody at the Bristol County House of Correction, he sustained multiple injuries in an altercation with correctional officers. Perry received medical treatment at the prison and later was transferred to a hospital for further care. Perry contends that the officers and two of the nurses who treated him at the prison, defendants Susie Roy and Claire Rocha, violated his constitutional rights.

Defendants Roy and Rocha have moved for summary judgment. For the reasons set forth below, defendants' motion for summary judgment will be granted.

I.  **Background**

   A.   **Factual Background**

Unless otherwise specified, the following facts are undisputed.

Plaintiff Rico Perry was transferred to the Bristol House of Correction on Friday, June 8, 2007.  During the booking process, he was involved in an altercation in which prison guards used force against him.  Although parties disagree about the facts of the altercation, all concede that neither Roy nor Rocha was involved in the use of force.  The incident occurred at about 1:10 a.m. on Saturday, June 9.

Susie Roy is a licensed practical nurse.  She is a staff nurse at Bristol County House of Correction.  Roy evaluated Perry's injuries approximately five minutes after the incident.  She diagnosed a cracked tooth and observed that he was bleeding in the mouth.  She cleaned out his mouth and gave him a gauze pad.  She instructed him to obtain a sick slip in order to see the dentist on Tuesday, June 12.  According to Perry, during the evaluation, he was barely able to speak, but he did tell Roy that his jaw was broken and asked to be taken to the hospital.[1]  He did not ask Roy for pain medication or ice.  Afterward, Perry was moved to a holding cell.  He contends that he passed out and was later awoken with smelling salts by Roy.  According to Perry, he again asked to go to the hospital, but was refused; Roy also told an officer that Perry did not need to go to the hospital.

Claire Rocha is also an LPN and a staff nurse at the facility.  Rocha evaluated Perry, who had since been moved to a segregation cell, at about 4:10 a.m.  She noted that Perry complained of a cut in his mouth and had an "egg" on his forehead.  She did not note a cracked or broken

---

[1] Both nurses deny Perry told them that his jaw was broken or that he wanted to go to the hospital.

tooth. Perry contends that he told Rocha that his jaw was broken and that he asked to go to the hospital. He contends that her willingness to help changed after she spoke with a correctional officer; she told him that she did not believe Perry had a broken jaw, and the officer told her to let Perry "sleep it off."

A third nurse evaluated Perry around 6:00 p.m. on Saturday, June 9. After the nurse found that Perry was wheezing and had swelling on the right side of his jaw, Perry was taken to the emergency department at St. Luke's Hospital. The attending physician diagnosed a bilateral mandibular fracture, as well as laceration and haematoma. He was transferred early the following morning, Sunday, June 10, to Massachusetts General Hospital, where he underwent surgery.

### B. Procedural Background

Plaintiff filed this action on April 28, 2010. The amended complaint alleges claims against defendants Susie Roy and Claire Rocha under 42 U.S.C. § 1983 for deliberate indifference to medical needs in violation of the Eighth Amendment. It also alleges claims against defendants Robert Shubert, Kevin Rose, Steven Assad, and five "John Doe" guards under 42 U.S.C. § 1983 for physical assault and failure to protect against use of excessive force, and under Massachusetts law for assault and battery, and against defendant Jeffrey Pipes under 42 U.S.C. § 1983 for failure to protect. The complaint seeks compensatory and punitive damages, as well as attorney's fees.

## II. Standard of Review

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816,

822 (1st Cir. 1991) (internal quotations omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant . . . would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). In evaluating a summary judgment motion, the Court indulges all reasonable inferences in favor of the non-moving party. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence." *Id.* at 256-57.

### III. Analysis

Section 1983 is a vehicle for vindicating substantive rights conferred by the Constitution or laws of the United States that have been violated by persons acting under color of state law. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Albright v. Oliver*, 510 U.S. 266, 315 (1994). Here, it is not disputed that defendants are state actors being sued for actions taken pursuant to their official duties; the sole issue is whether their actions deprived plaintiff of his constitutional rights.

Prison officials violate the Fourteenth Amendment if they exhibit a "deliberate indifference" to a pretrial detainee's serious medical needs. *Feeney v. Corr. Med. Servs.*, 464

F.3d 158, 161-62 (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  In order to succeed on a deliberate-indifference claim based on inadequate or delayed medical care, "a plaintiff must satisfy both a subjective and objective inquiry." *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Burrell v. Hampshire County*, 307 F.3d 1, 8 (1st Cir. 2002)).  Subjectively, he must show "that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety." *Id.*  Objectively, he must establish that the deprivation alleged was "sufficiently serious." *Id.*  "The standard encompasses a 'narrow band of conduct':  subpar care amounting to negligence or even malpractice does not give rise to a constitutional claim; rather, the treatment provided must have been so inadequate as to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Id.* at 497 (quoting *Feeney*, 464 F.3d at 162 and *Estelle*, 429 U.S. at 105-06).

As a subjective matter, the evidence, when viewed in the light most favorable to plaintiff, does not demonstrate that defendants Roy or Rocha were deliberately indifferent to Perry's needs.  Even assuming that he informed both defendants that his jaw was broken, that he asked to be taken to the hospital, and that both nurses refused to do so, that is insufficient, without more, to establish deliberate indifference.  It is not disputed that each nurse conducted an evaluation and rendered a professional judgment based on Perry's objective physical condition.  Perhaps most importantly, it is undisputed that Perry's condition substantially worsened over time; among other things, the swelling on his jaw increased and he began having difficulty breathing.  The reasonableness of a prison official's actions must be judged by the totality of information available to her at the time, not solely by a prisoner's complaint that subsequently

proved to be true. *See Burrell*, 307 F.3d at 8-9.  And even assuming that Rocha did tell an officer that she did not believe Perry had a broken jaw, that is not sufficient evidence to warrant a different result; it was not "deliberate indifference" for the nurse to give more significant weight to the objective physical presentation of Perry's injuries than to his untrained subjective opinion of his condition.  In short, the undisputed evidence demonstrates that neither Roy nor Rocha had knowledge of the full extent of Perry's injuries at the time of their evaluations and that they did not deliberately deny him medical treatment.

      Likewise, Perry cannot satisfy the objective prong of the test.  A broken jaw is, of course, a serious injury.  But Perry was transferred to a hospital for additional medical treatment approximately seventeen hours after the injury allegedly occurred.  Perry does not dispute that he received adequate care once there.  Again, his physical symptoms substantially worsened over the course of time.  That change in the information available to the prison's medical staff led a third nurse to conclude that Perry required emergency care.  However, nothing in the record shows that Roy and Rocha failed to provide the required care, or provided care that was so unreasonable and inadequate as to constitute wanton infliction of pain or to shock the conscience.    To the extent that certain facts are in dispute, they are not material to the resolution of this case.  A material fact is one that "has the potential of affecting the outcome of the case." *Kearney v. Town of Wareham*, 316 F.3d 18, 22 (1st Cir. 2002).  Plaintiff contends that questions concerning differences between the nurses' reports and the extent of harm caused by the brief delay in treatment preclude summary judgment.  But neither fact is sufficiently material to affect the conclusion that the nurses were not subjectively or objectively indifferent to Perry's serious medical needs.  Mere differences in reporting does not render their care inadequate.  Nor

would the harm suffered make them liable if the observable facts did not provide evidence of the injury.  Perry also suggests that the nurses were punishing him for being in an altercation with the corrections officers.  "When considering arguments for summary judgment, 'we must disregard improbable or overly attenuated inferences, unsupported conclusions, and rank speculation.'"  *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008) (quoting *Abbott v. Bragdon*, 107 F.3d 934, 938 (1st Cir. 1997)).  "[A]s to issues on which the nonmoving party bears the burden of proof, he must present definite, competent evidence to rebut the motion."  *Kearney*, 316 F.3d at 22 (internal quotation omitted).  Nothing in the record beyond bare assertion supports a finding that the nurses intended to punish Perry because of the altercation.

Again, it is not disputed that Perry did receive appropriate care within 24 hours.  His claim is in substance a medical malpractice claim concerning the care he received from Roy and Rocha.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."  *Davis v. Williams*, 354 Fed. Appx. 603, 607 (3d Cir. 2009) (citing *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)).  Here, even reading the facts in the most light favorable to the non-moving party, Perry has not demonstrated that defendants Roy and Rocha were deliberately indifferent to his serious medical needs.

**IV.**     **Conclusion**

For the foregoing reasons, the motion of defendants Roy and Rocha for summary judgment is GRANTED.

**So Ordered.**

                                              /s/ F. Dennis Saylor  
                                              F. Dennis Saylor IV  
Dated: September 16, 2013            United States District Judge